IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| MUSA DAWUD, | § |
| | § No. 396, 2019 |
| Defendant Below, | § |
| Appellant, | § Court Below—Superior Court |
| | § of the State of Delaware |
| v. | § |
| | § Cr. ID No. 1902011721 (N) |
| STATE OF DELAWARE, | § |
| | § |
| Plaintiff Below, | § |
| Appellee. | § |

Submitted: December 27, 2019
Decided: February 26, 2020

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, the Court concludes that:

(1)   In April 2019, a grand jury indicted the appellant, Musa Dawud, on multiple weapon charges. On August 19, 2019, Dawud pled guilty to possession of a firearm by a person prohibited ("PFBPP") in exchange for dismissal of the other charges. The Superior Court immediately sentenced Dawud to fifteen years of Level V incarceration, with credit for 157 days previously served, suspended after the

minimum mandatory five years,[1] followed by two years of Level III probation. This appeal followed.

(2) On appeal, Dawud's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Dawud of the provisions of Rule 26(c) and provided Dawud with a copy of the motion to withdraw and the accompanying brief.

(3) Counsel also informed Dawud of his right to identify any points he wished this Court to consider on appeal. Dawud has submitted points for this Court's consideration. The State has responded to Dawud's arguments and has moved to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally

---

[1] Dawud was subject to a five-year minimum mandatory sentence because he had a previous violent felony conviction (carrying a concealed deadly weapon (firearm)) in the last ten years. 11 *Del. C.* § 1448(e)(1)(b) (stating that person convicted of PFBB shall receive a minimum sentence of five years at Level V if they have been convicted within last ten years of a violent felony); 11 *Del. C.* § 4201(c) (defining carrying a concealed deadly weapon (firearm) as a violent felony).

2

devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(5) Dawud's arguments on appeal may be summarized as follows: (i) his guilty plea was not knowing or intelligent; (ii) there was insufficient evidence to support the charges; (iii) the preliminary hearing and indictment were untimely; (iv) the person who contacted the police about the gun she found in Dawud's bedroom closet was untruthful and unreliable; (v) there was no victim; (vi) he did not receive his *Miranda* rights when he was arrested; (vi) his bail was set too high; (vii) the attorney who replaced his first attorney was unsatisfactory; (viii) he did not receive credit for time he served at the juvenile holding facility; and (ix) the Supreme Court Clerk's Office should not have sent one of his letters to Counsel. After careful consideration of the remaining claims, we find no merit to Dawud's appeal.

(6) With the exception of the claim regarding the performance regarding his attorney, which we decline to consider for the first time on direct appeal,[3] the credit time claim, and the complaint concerning the Clerk's Office, the disposition of Dawud's remaining claims depends on whether Dawud entered his guilty plea knowingly, intelligently, and voluntarily. A knowing, intelligent, and voluntary

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

[3] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994) ("This Court has consistently held it will not consider a claim of ineffective assistance of counsel on direct appeal if that issue has not been decided on the merits in the trial court.").

guilty waives a defendant's right to challenge any errors occurring before the entry of the plea.[4]

(7)　The record reflects that Dawud's plea was knowing, intelligent, and voluntary. In the Truth-in-Sentencing Guilty Plea form, Dawud indicated that he understood he was waiving certain constitutional rights, including his right to a jury trial and to present evidence in his defense. During his plea colloquy with the Superior Court judge, Dawud affirmed that he had reviewed the guilty plea form with Counsel, no one forced him to plead guilty, he understood that he was giving up certain constitutional rights, including the right question to witnesses and to make the State prove every part of the charge beyond a reasonable doubt, and he faced a sentence of up to fifteen years, which included a five-year minimum mandatory sentence that could not be suspended. He also affirmed that he committed the offense of knowingly purchasing, owning, possessing, or controlling a firearm after having been convicted of carrying a concealed deadly weapon, a felony, in 2017.

(8)　Contrary to Dawud's contention, a defendant without a law degree may enter a knowing and intelligent guilty plea. Dawud's responses to the Superior Court judge's questions reflect that he understood what he was doing. Absent clear and convincing evidence to the contrary, which he has not identified, Dawud is bound

---

[4] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003); *Downer v. State*, 543 A.2d 309, 312–13 (Del. 1988).

4

by his representations during the plea colloquy and in the Truth-in-Sentencing Guilty Plea Form.[5] As a result of his knowing, intelligent, and voluntary guilty plea, Dawud has waived his claims concerning the sufficiency of the evidence, the timing of the preliminary hearing and indictment, the credibility of the person who reported him to the police, the lack of a victim, the amount of bail, and his *Miranda* rights.[6]

(9) Dawud argues that he is entitled to credit for time he spent in a juvenile detention center before he was transferred to Howard R. Young Correctional Center. Dawud does not provide any support for this contention and we are unable to determine from the record whether the 157 days of credit he received for time he served before his sentencing includes time he spent in the juvenile detention center. We agree with the State's suggestion that Dawud should file a motion in the Superior Court so that the Superior Court can determine in the first instance whether Dawud is entitled to additional credit for time he spent in a juvenile detention facility.

(10) Finally, Dawud contends that the Clerk's Office should not have forwarded a letter he sent to the Court to Counsel. When a party is represented by an attorney as Dawud was here, communications with the Court must go through the attorney. The Clerk's Office appropriately forwards correspondence from represented parties like Dawud to their counsel to handle as they deem appropriate.

---

[5] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[6] *See supra* n.4.

5

(11) Having carefully reviewed the record, we conclude that Dawud's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Dawud could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice